**EDDY**

v.

**TRAVELERS INS. CO., HARTFORD, CONN.**

**No. 4769.**

United States Court of Appeals
Tenth Circuit.

April 23, 1954.

---

is certainly true of the members of the Institute Council and from the point of view of the Institute it is also true with respect to its members who serve as reporters. However, in view of the fact that service as a reporter on a project entails considerably more sacrifice than is called for on the part of a member of the Council as such, the Institute adopted the practice of giving special recognition to the reporters. This has taken the form of the granting of honoraria fixed uniformly at $1000 per calendar year. The responsibilities of some reporters may be greater than those of others, the work of some may be considerably more intricate than that of others, and the time required for completion of a particular undertaking may vary with respect to that of others, but differences of this kind are not at all

taken into account because of the Institute's recognition of the fact that if it should be compelled to hire services of the kind in question, expenditures totalling many times the amounts granted as honoraria would be required in every case. This is particularly true with respect to the outstanding work Mr. Hubert rendered as a Reporter of the Institute's Revised Statutes Project."

Arthur S. Humphrey, Junction City, Kan. (James V. Humphrey, Junction City, Kan., on the brief), for appellant.

O. B. Eidson, Topeka, Kan. (T. M. Lillard, P. H. Lewis and J. W. Porter, Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The Administratrix appeals from a summary judgment in favor of the appellee insurance company in an action upon a trip insurance policy pertinently providing that the company will pay $5,000.00 for death resulting from "injuries * * * sustained by the Insured while riding as a passenger in or on a public conveyance * * * or" $3,000.00 "if such injuries are sustained elsewhere * * *." The policy was issued in conjunction with the purchase of a bus ticket from Junction City, Kansas, to Alma, Georgia, and was co-existent with the travel for which the ticket was issued. Federal jurisdiction is based upon diversity of citizenship and requisite amount in controversy, and the facts are not in dispute.

While riding as a passenger in the bus on the purchased ticket, and while the policy was in force, the insured alighted from the bus along with other passengers at a periodic rest stop in New Albany, Mississippi. After alighting from the bus onto the station platform and taking two or three steps in the direction of the station, she stumbled and fell, suffering injuries ultimately resulting in her death.

The company paid the $3,000.00 provided in the policy for death resulting from injuries sustained "elsewhere", but denied liability for the maximum limits of the policy on the grounds that death did not result from injuries sustained while traveling "as a passenger in or on a public conveyance."

The sole question here, as in the trial court, is whether the injuries which admittedly resulted in death were sustained while the insured was traveling "as a passenger in or on a public conveyance."

In the resolution of that question we must of course ascertain and

give effect to the clear intent of the contracting parties as it is drawn from a construction of the covering language of the contract. The contract made in Kansas is controlled by Kansas law which adheres to the well-established rule that words of coverage in an insurance contract, like other contracts, will be taken in their plain, ordinary and accepted sense unless the parties indicate that they shall receive a special or artistic meaning. Saul v. Saint Paul Mercury Indemnity Co., 1952, 173 Kan. 679, 250 P.2d 819; Braly v. Commercial Cas. Ins. Co., 1951, 170 Kan. 531, 227 P.2d 571. All ambiguities are to be resolved against the draftor of the policy, Saul v. Saint Paul Mercury Indemnity Co., supra; Mutual Life Ins. Co. of New York v. Weigel, 10 Cir., 1952, 197 F.2d 656. But we will not torture words in order to import ambiguity where the ordinary meaning leaves no room for ambiguity. Mandles v. Guardian Life Ins. Co. of America, 10 Cir., 1940, 115 F.2d 994; Commercial Standard Ins. Co. v. Gilmore, Gardner & Kirk, 10 Cir., 1946, 157 F.2d 929.

The argument is that the policy was intended to cover all risks incident to the journey and inasmuch as the journey necessarily contemplated periodic rest stops, the policy covered injuries sustained while insured was physically off the bus using station facilities contemplated by the parties in the regular and usual course of travel on the bus.

■ True, the policy was intended to cover the risks incident to the trip. But those risks are specifically assumed and described in the coverage provisions of the policy to provide the payment of one sum if death resulted from injuries sustained while insured was riding as a passenger in or on the bus, and a lesser sum if death resulted from injuries incurred elsewhere. It was certainly competent for the parties to so contract, and the clear words of coverage must not be interpreted to impose risks not assumed by the appellee insurance company. The company did not contract to pay the maximum coverage for death resulting

from injuries incurred while insured was physically off the bus. To so construe the policy would distort the plain meaning of simple words in their natural context.

The judgment is affirmed.