No. 43,721

CLESTER O. McCLELLAN, *Appellee,* v. W. E. BLASDEL, RAYMOND W. FORISTER, and TRI-STATE INSURANCE COMPANY OF TULSA, OKLAHOMA, *Appellants.*

(393 P. 2d 1012)

Opinion filed July 14, 1964.

*I. H. Stearns* and *Robert C. Foulston,* both of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Robert L. Howard, Charles J. Woodin,* and *Mikel L. Stout,* all of Wichita, were with them on the briefs for the appellants.

*John C. Frank,* of Wichita, argued the cause, and *Patrick F. Kelly* and *James P. Johnston,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's judgments and orders in a personal injury action for damages whereby both the de-

murrer of Tri-State Insurance Company to plaintiff's evidence and the renewal of such demurrer were overruled, as was also the motion for directed verdict at the close of all the evidence, motion for new trial on May 29, 1963, alternative motion for remittitur to $25,-000 (the undisputed limits of Tri-States policy) and defendants' motion for rehearing or reconsideration by the trial court on its own motion, and the judgment of June 19, 1963, approving and adopting the jury's verdict of $58,750.00.

Between 7:30 and 7:45 a. m. on July 13, 1962, at the intersection of Cleveland Street, which runs north and south, and Central Street, which runs east and west, in Wichita, Sedgwick county, plaintiff, while driving her brother's 1958 Oldsmobile en route to her employment, was proceeding south on Cleveland. Her sister was a passenger in the car and was sitting in the front seat beside her. Defendant Forister, as agent, was driving defendant Blasdel's 1959 semi-trailer truck east on Central. The truck with the load of watermelons he was hauling weighed 53,000 pounds. A very bright and blinding sun faced Forister from the east. As he approached the intersection with Cleveland at fifteen miles per hour, he noticed a green light on the electric signal which controlled the intersection. As he entered the intersection, he did not know whether the signal was red or green because the sun was shining in his eyes, but when he was in the intersection he saw the light was red. As soon as he saw plaintiff coming in front of him, he turned with her car to try to avoid hitting her, but collided with the Oldsmobile and shoved it into the southeast corner of the intersection.

Norman Hall, an investigating officer, testified the sun was blinding when one looked to the east and Forister told him at the scene that the sun was in his eyes and he thought the lights were green but he told the officer, "I came through on a red light."

As soon as the signal turned green, plaintiff, while looking ahead, started across the intersection. Defendant Blasdel's truck hit the right side of the Oldsmobile next to where plaintiff's sister was sitting. After the collision Forister ran over to the ask if the ladies were hurt. Both ladies got out of the car and walked to a telephone booth on the southeast corner of the intersection. After the officer arrived, Forister told him the lady (plaintiff) had told Forister she did not think she was hurt, and he said, "Well, I would go to the hospital and recheck and know for sure."

On plaintiff's first admission the hospital found nothing wrong but upon her second admission the x-ray showed a broken rib and her hospital and medical record showed her to be quite seriously injured. On April 16, 1963, the morning of trial, with permission of the trial court, plaintiff amended her allegation of damages from $42,000 to $88,000 over strong objection by Tri-State.

The fact that the insurance policy of Tri-State provided for a $25,000 limitation of liability for personal injury to each person first appeared in the record when copy of the policy was attached to Tri-State's motion for new trial.

The principal question involved in this appeal is stated by defendants in their brief as follows:

"Can a trial court render judgment against a public liability insurer in excess of the admitted $25,000 policy limits simply because the policy was not placed in evidence before the jury when there is no question of fact concerning maximum coverage?"

In *Streebin v. Capitol Truck Lines,* 182 Kan. 527, 322 P. 2d 776, a collision occurred between a Studebaker in which plaintiff was riding and a Ford, and before plaintiff could extricate herself from the Studebaker, defendants' trailer-truck collided therewith whereby plaintiff was seriously and permanently injured. Plaintiff sued the defendant truck line and its liability insurance carrier, as well as the driver of the Ford, for personal injuries under G. S. 1961 Supp., 66-1,128 which, in pertinent part, provides:

"No certificate, permit, or license shall be issued by the state corporation commission to any 'public motor carrier of property,' . . . until and after such applicant shall have filed with, and the same has been approved by the state corporation commission, a liability insurance policy in some insurance company or association authorized to transact business in this state, in such reasonable sum as the commission may deem necessary to adequately protect the interests of the public with due regard to the number of persons and amount of property involved. . . ."

We held in the Streebin case that such an action was in tort and not one in contract. Thus it was neither necessary nor required that a copy of the insurance policy, or of the certificate that such policy had been obtained and filed, be attached to the pleadings. (See, also, *Graves v. National Mutual Cas. Co.,* 164 Kan. 267, 271, 188 P. 2d 945.)

Counsel has not cited a Kansas case, nor has our research revealed one, deciding the point as to when it is proper for a copy of the insurance policy to be produced before the trial court

in order that the limit of liability of the insurance carrier may be determined. However, our attention is called to *Sterling v. Hartenstein,* 185 Kan. 50, 341 P. 2d 90, where the motor carrier had obtained a policy of insurance but had not followed through and obtained the permit required under G. S. 1961 Supp., 66-1,128, above quoted, and the question of whether the insurance was one of liability or indemnity became vital. We there said:

". . . The plaintiff requested production of the insurance policy and the defendant insurance carrier moved for discharge. Under these circumstances it was incumbent upon the insurance carrier to produce the policy of insurance together with its motion for presentation to the trial court. Without submission of such policy of insurance to the trial court its ruling was premature. If the policy issued Hartenstein was a liability insurance policy of the type required of a licensed motor carrier in this state by G. S. 1957 Supp., 66-1,128, so that the action of the plaintiff to recover for injuries to his person or property, caused by the negligent operation of such motor carrier, may be brought directly against the motor carrier and his insurance company because of its liability insurance, the motion should have been overruled. But if the policy issued Hartenstein was merely an indemnity insurance policy, which purported on its face to insure and indemnify Hartenstein against loss and liability for loss arising to others, and to give no right of action to persons injured by the negligent operation of the truck directly against the insurance carrier, the motion should have been sustained." (pp. 56, 57.)

In our present case the record reflects no formal attempt was made before the court by plaintiff to settle with defendant Tri-State's representative, who attended the trial, nor is it shown that during the trial plaintiff ever requested, either formally, or otherwise, the production of the policy in order that the limits thereof could be determined. Thus the attaching of the policy to the motion for new trial brought the policy limits to the attention of the trial court for the first time but since this was still before final judgment, those policy limits should have been considered by the trial court in arriving at such judgment.

Under these circumstances our conclusion is that the judgment of the trial court should be affirmed but modified to the extent that the amount of liability of the Tri-State Insurance Company be reduced to the sum of $25,000.

Other claims of error need not be discussed and determined.

Judgment affirmed as modified.