(571 P.2d 1)

No. 48,513

PAUL HAMMERMAN, *Appellee,* v. SOUTHWESTERN INSURANCE GROUP, *Appellant.*

Opinion filed July 8, 1977.

*Ralph Foster* and *Robert A. Vohs,* of Wichita, for the appellant.

*John C. Frank* and *Raymond W. Baker,* of Wichita, for the appellee.

Before SPENCER, P.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: This action was brought by the plaintiff-appellee against plaintiff's own uninsured motorist insurance carrier for injuries he sustained in an automobile accident as a result of the negligence of an uninsured motorist. The jury returned a verdict against the uninsured motorist insurance carrier in the amount of $125,000. The jury verdict was approved by the trial judge and judgment entered against the uninsured motorist insurance carrier for the full amount of the jury verdict.

Appellant, Southwestern Insurance Group, as the uninsured motorist insurance carrier has appealed, and basically raises the

question of whether or not the trial judge should have limited the judgment to the amount of uninsured motorist coverage available to plaintiff.

This case arose out of an automobile accident in Wichita on March 1, 1972. The plaintiff, Paul Hammerman, received serious permanent injuries in the accident. The negligent, uninsured driver of the other vehicle involved in the accident had disappeared prior to this lawsuit's being filed. Plaintiff chose to sue his own uninsured motorist insurance carrier direct, as he is permitted to do in Kansas.

Prior to trial, an issue arose as to whether or not plaintiff was entitled to "stack" or "pyramid" the coverage as a result of a separate premium paid for uninsured motorist coverage. The pretrial order set forth this issue in detail as the only issue of law to be determined by the court. Simply stated, the issue was whether there was $10,000 or $20,000 of coverage available to plaintiff.

The trial judge determined prior to trial that he would not permit stacking. During the trial, the parties were informed by the judge:

". . . due to the fact that I have made the ruling that there will be no stacking in this case, that irrespective of what verdict the jury brings in, if it is more than $10,000.00, I will, based on my ruling that there will be no stacking in this case, reduce that jury's verdict to the sum of $10,000.00. I'll do it on my own initiative, my own motion due to the fact that I have said there will be no stacking."

After the trial judge ruled there would be no stacking, defendant offered to pay $10,000 which plaintiff refused and the case proceeded to trial. Prior to trial, defendant withdrew the $10,000 offer. Neither party was permitted to present evidence or argue the amount of insurance available. The jury deliberated less than one hour and delivered a verdict in the full amount of the prayer.

The trial judge commented prior to the verdict that he would not direct a verdict for $10,000, as it would only necessitate a new trial if the Supreme Court should later determine "stacking" was permissible. The trial judge further stated that by permitting a jury verdict the Supreme Court could modify the judgment up to the maximum "stacked" policy limits without having to remand for a new trial. After the jury verdict, the judge reversed his position and ruled the question of "stacking" or "pyramiding" was not before him and set aside his previous order that the

policy could not be stacked. He then entered judgment in the full amount of the verdict. The trial judge, on appellant's motion for a new trial hearing, asked counsel for the plaintiff to stipulate that he did not intend to seek recovery of more than defendant's policy limits in this case. Counsel for plaintiff so agreed after making it abundantly clear that plaintiff would file a separate action alleging bad faith and other grounds for damages against his uninsured motorist insurance carrier.

Appellant claims error in that the trial judge (1) failed to follow the pretrial order and decide the legal issue of whether plaintiff was entitled to "stack" insurance coverage, (2) failed to reduce the jury's verdict to $10,000 pursuant to the court's ruling prior to impanelling the jury that "stacking" would not be allowed, (3) ruled "stacking" was not an issue for decision before the court, (4) entered judgment for $125,000 when the facts of this case would limit recovery to a maximum of $20,000 if stacking is proper, (5) failed to direct a verdict for $10,000 after ruling "stacking" would not be allowed.

Appellee contends defendant was not prejudiced by entry of judgment against it in the full amount of the verdict because defendant agreed the jury should determine all issues of liability and damage, because plaintiff stipulated he could not collect more than $20,000 in this case, and because plaintiff stated he would file a separate action in an effort to collect the balance. Appellee further contends the trial court's reversal of its ruling that stacking would not be permitted did not alter the theory on which the case was tried and therefore did not prejudice the defendant.

Kansas allows an injured party seeking recovery for personal injuries under uninsured motorist coverage three options, provided the insured complies with policy provisions consistent with K.S.A. 40-284. First, as in this case, the insured may file an action directly against his uninsured motorist liability carrier; second, the insured may also join the uninsured motorist as an additional party defendant; or third, the insured may choose to sue the uninsured motorist only. *(Winner v. Ratzlaff,* 211 Kan. 59, 505 P.2d 606.)

In *Winner,* supra, the court mentioned that in each of the three options a party could "litigate all of the issues of liability and damages." This leads appellee to conclude that in all uninsured

motorist actions the insured is entitled to a judgment against the insurance carrier in the full amount of the verdict. We cannot agree with appellee.

Uninsured motorist coverage is not issued on, purchased for, or furnished to protect an uninsured motorist. It is a contract benefit for an insured motorist. Uninsured motorist coverage does not, and was never intended to, afford the insured motorist the same amount of potential recovery against the insured's uninsured motorist insurance carrier as the insured might have against the uninsured tortfeasor personally.

It has been said uninsured motorist insurance is in the nature of a contract of indemnity as opposed to liability insurance. It does not protect the insured against liability but rather it insures him against loss by a limited group of tortfeasors. (7 Blashfield, Automobile Law & Practice, Sec. 274.2.) Uninsured motorist coverage has been described as more closely resembling "limited accident insurance." *(Forrester v. State Farm Mutual Automobile Ins. Co.,* 213 Kan. 442, 517 P.2d 173.)

It must be kept in mind that we are dealing with a hybrid case in that the rights and duties as between the injured insured and his uninsured motorist insurance carrier are determined by contract law, and the liability of the uninsured motorist insurance carrier is determined by the legal liability of the uninsured motorist under tort law.

Although Kansas appellate courts have not had the exact question before them as to whether any limitation should be imposed on the size of the judgment to be entered against an uninsured motorist insurance carrier when a verdict is returned fixing the insured's damages at a sum greater than the total amount of uninsured motorist insurance coverage available to the insured, similar cases have arisen.

An action instituted by an insured against his uninsured motorist insurance carrier for personal injuries sustained as the result of the negligence of an uninsured motorist is clearly an action for damages brought upon a contract of insurance. Kansas has held that where an action for damages was brought on an insurance contract, "the provisions of the contract generally govern the measure of recovery rather than the rules relating to damages in tort cases." *(Venable v. Import Volkswagen, Inc.,* 214 Kan. 43, 519 P.2d 667.)

In *McClellan v. Blasdel,* 193 Kan. 410, 393 P.2d 1012, an automobile driver sued a common carrier, its owner, and their insurance carrier. The jury returned a verdict of $58,750 against each of the defendants, and the insurance carrier on a motion for a new trial brought its policy limits of $25,000 to the attention of the trial court for the first time. The trial court entered judgment against the insurance carrier for the full amount of the verdict of $58,750. Notwithstanding the fact the amount of liability insurance available was not raised as an issue in the case, nor was the policy produced until defendant filed a motion for a new trial, the Supreme Court modified the judgment only as to the insurance carrier by reducing the judgment against the insurance carrier to $25,000.

In 45 C.J.S., Insurance § 980.1 (1976 Supp.), it is stated:

"Generally the extent of liability of an insurance company on a policy providing uninsured motorist coverage depends on the provisions of the policy and statutory requirements for such coverage. Ordinarily such liability extends to the full amount of uncompensated damages suffered by insured through the fault of the uninsured motorist *up to the limit specified in the policy,* or in a statute requiring coverage of at least a certain amount . . ." (Emphasis supplied.)

The subject was also covered in 2 Long, The Law of Liability Insurance, Secs. 24.15 and 24.17, where it is stated:

"The policy provision determines the right of the parties provided the policy grants benefits equal to or greater than those stated in the applicable statute."

. . . . . . . . . . . . . .

". . . [A]nyone who suffers damages may recover up to the limit of liability for one person injured."

(See, also, Widiss, A Guide to Uninsured Motorist Coverage, Sec. 2.51; and Pretzel, Uninsured Motorists, Sec. 7.1.)

In a direct action by an injured party against his own uninsured motorist carrier in which the injured party seeks damages for personal injuries sustained in an accident caused by a negligent uninsured motorist, the policy provisions providing uninsured motorist coverage determine the amount of the judgment that can be entered against the insurance carrier if the policy limits equal or exceed the coverage required under the applicable statute.

The trial judge erred in entering judgment against the uninsured motorist insurance carrier in excess of the amount of uninsured motorist coverage available to the plaintiff from the appellant, Southwestern Insurance Group.

What was the effect of the trial judge's ruling that stacking would not be permitted and his subsequent setting aside of that ruling?

Courts have long strived to avoid multiple litigation when it is possible to do so in a fair and workable manner. The trial judge was obviously attempting to do so in this case when he submitted it to the jury to determine the full amount of damages in an effort to avoid a retrial in the event the trial judge was in error on his "stacking" ruling.

The trial court was in error when it ruled stacking was not an issue in the case. Stacking was an issue from the very beginning. Plaintiff prayed for judgment "in the amount of $125,000.00 [or] the coverage provided by the uninsured motorist provision of the policy and for his costs   .   .   ."

A pretrial order, approved by the trial judge, set forth the single issue of law to be determined by the court, as follows:

"Whether or not plaintiff is entitled to 'stack' or 'pyramid' the coverage provided in the insurance contract so as to recover double the amount of uninsured motorist coverage extended by the terms of the policy; that is, whether plaintiff is entitled to recover an additional $10,000 for uninsured motorist coverage extended to a second automobile owned by plaintiff, making the total liability limits $20,000."

The trial judge should have determined the stacking issue prior to trial. In fact, the trial judge did determine the stacking issue as a matter of law prior to trial. However, after the jury verdict the trial judge set his conclusion of law aside leaving the stacking issue unresolved. None of the provisions of the policy in question are included in the record before us, but from statements of counsel it would appear the trial judge may well have been incorrect in his ruling, which he subsequently set aside, that stacking did not apply. After the trial of this case, the requirements that must be met to "stack" coverages were clearly set forth in *Van Hoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 549 P.2d 1354; and *Welch v. Hartford Casualty Ins. Co.,* 221 Kan. 344, 559 P.2d 362.

Although the trial judge should have ruled on the question of stacking as an issue of law prior to trial, we are unable to see where either litigant was prejudiced by the manner in which the trial judge handled the ruling. Only prejudicial error requires reversal, and when a ruling on a question of law or failure to rule on a question of law did not prejudice either litigant, a new trial

will not be granted as to questions of fact decided by a jury that are not affected by the trial judge's erroneous ruling or failure to rule. *(Winner,* supra; *Libel v. Corcoran,* 203 Kan. 181, 452 P.2d 832.)

The judgment is set aside, and the case is remanded to the trial court with directions to ascertain whether the uninsured motorist coverage can be stacked and to enter judgment against the uninsured motorist insurance carrier and in favor of the plaintiff in the total amount of uninsured motorist coverage available to the plaintiff through the appellant, Southwestern Insurance Group.

Reversed and remanded with directions.