(797 P.2d 885)
No. 64,370

FARM BUREAU MUTUAL INSURANCE COMPANY, INC., *Appellee*, v. RICKI GENE WINTERS and PAULETTE G. WINTERS, *Appellants*, and CURTIS SUTTERBY and GEORGE SUTTERBY, *Defendants*.

Opinion filed August 24, 1990.

*William E. Metcalf*, of Metcalf & Justus, of Topeka, for the appellants.

*Paul Hasty, Jr.*, and *Bradley S. Russell*, of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, for the appellee.

Before ELLIOTT, P.J., REES, J., and DANIEL L. BREWSTER, District Judge, assigned.

BREWSTER, J.: Paulette and Ricki Winters appeal from a declaratory judgment which construed a Farm Bureau Mutual Insurance Company (Farm Bureau) automobile liability insurance policy's limits of liability.

In January 1988, a two-vehicle automobile collision occurred in Linn County. One vehicle was owned by George Sutterby and

driven by Curtis Sutterby. The other vehicle was owned and occupied by Paulette and Ricki Winters. The Sutterby vehicle was insured by Farm Bureau.

As a result of the collision, both Paulette and Ricki suffered bodily injuries. Paulette claims to have incurred expenses in excess of $100,000 for bodily injuries. Ricki claims to have incurred expenses of approximately $12,000. The Farm Bureau policy's stated liability limits are $100,000 for "each person" and $300,000 for "each occurrence." The controversy presented concerns whether Farm Bureau's liability for Paulette's claim is limited to $100,000 or whether Paulette and Ricki combined could realize up to $300,000.

Farm Bureau filed a petition for declaratory judgment in Johnson County District Court and moved for summary judgment. The court found that the insurance contract was not ambiguous and limited Farm Bureau's liability for Paulette and Ricki individually to a maximum recovery of $100,000. Ricki and Paulette timely appeal. The Sutterbys filed no answer to the petition for declaratory judgment and are not parties to this appeal.

The question before us is whether the district court erred in finding the insurance contract unambiguous and limiting Farm Bureau's liability coverage to $100,000 for Paulette and Ricki individually.

Our scope of review of a written contract is broad. "Regardless of the construction of the written contract made by the trial court, on appeal a contract may be construed and its legal effect determined by the appellate court." *Patrons Mut. Ins. Ass'n v. Harmon*, 240 Kan. 707, 713, 732 P.2d 741 (1987); *Kansas Gas & Electric Co. v. Kansas Power & Light Co.*, 12 Kan. App. 2d 546, 551, 751 P.2d 146, *rev. denied* 243 Kan. 779 (1988). "This court can review the negotiated agreement and decide its legal effect. Regardless of the construction the district court gave the agreement, this court may independently construe the contract and determine its legal significance." *NEA-Goodland v. U.S.D. No. 352*, 13 Kan. App. 2d 558, 562, 775 P.2d 675, *rev. denied* 245 Kan. 785 (1989).

The fact that summary judgment was entered by the district court is of no consequence. On a motion for summary judgment, both the district court and the appellate courts are required to

resolve all facts and draw all inferences in favor of the party against whom the ruling is sought. *Bacon v. Mercy Hosp. of Ft. Scott,* 243 Kan. 303, 306, 756 P.2d 416 (1988). In this case, there are no conflicting facts or inferences. The issue raised is purely a question of law over which this court's review is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown,* 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

The following language from the Farm Bureau insurance contract is the source of the debate:

**"LIMITS OF LIABILITY**
"The limits of liability shown in the declarations apply subject to the following:
    "1. The bodily injury liability limit for 'each person' is the maximum for **bodily injury** sustained by one person in any one occurrence;
    "2. The bodily injury liability limit for 'each occurrence' is the maximum limit of liability for **bodily injury** sustained by two or more persons in any one occurrence."

The policy declarations recite a limit of $100,000 for each person and $300,000 for each occurrence.

It is the Winters' contention that the policy is patently ambiguous, allowing $100,000 for injuries to one person in one occurrence, but also allowing $300,000 for injuries to two people in one occurrence. They argue that the two clauses are separate, and nothing in the policy ties them together. In support of their position, the Winters cite two Kansas cases which discuss the construction and interpretation of insurance contracts.

" 'In determining the intention of the parties to a contract of insurance, the test is not what the insurer intends the printed language to mean, but rather what a reasonable person placed in the position of the insured would have understood the words to mean.'

  . . . .

" 'Where provisions of an insurance policy are ambiguous or conflicting, the policy is to be construed strictly against the insurer and in favor of the insured.'

" 'Where an insurer intends to limit or restrict the coverage under its policy, it should use language which clearly reveals its stated purpose.' [Citation omitted.]" *Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Assn.,* 215 Kan. 937, 947-48, 529 P.2d 171 (1974).

"It is a general rule that exceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage

through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms." *Baugher v. Hartford Fire Ins. Co.*, 214 Kan. 891, 900, 522 P.2d 401 (1974).

Farm Bureau contends the insurance contract is clear and unambiguous, with the $100,000 per person limit overriding any claim by one person for more than that under the $300,000 per occurrence clause. It cites Kansas common-law rules concerning the interpretation of insurance contracts. A court "will not torture words in order to import ambiguity where the ordinary meaning leaves no room for ambiguity." *Eddy v. Travelers Ins. Co., Hartford, Conn.*, 212 F.2d 518, 520 (10th Cir. 1954). "[U]nless the provisions in question are ambiguous, the rule is they are not susceptible of judicial interpretation but must be construed in their ordinary sense." *Brown v. Metropolitan Life Ins. Co.*, 166 Kan. 616, 621, 203 P.2d 150 (1949).

In summary, Farm Bureau has cited language stating that, if a contract is unambiguous, the court should take it as it finds it. The Winters have cited language stating that, if a contract *is* ambiguous, the insurer, not the insured, should suffer from the ambiguity. Both are correct, so the first task at hand is to determine whether the contract is ambiguous.

As noted in *Haney v. State Farm Insurance*, 52 Wash. App. 395, 397-98, 760 P.2d 950 (1988), *rev. denied* 111 Wash. 2d 1033 (1989), a case nearly identical to the present case:

"It is true that members of the legal profession, the insurance industry, and others familiar with the structure and operation of insurance contracts are generally aware that the per accident limits of the typical insurance contract are intended to operate subject to the per person limits. The question before this court, however, is not what people subjectively know about such clauses; the question is what the average reasonable insured would know from reading the clauses at issue in this policy. [Citation omitted.]"

In *Haney*, an insured couple sought a declaratory judgment stating they were entitled to the $300,000 per accident limit of their uninsured motorist policy rather than the $100,000 per person limit. The trial court entered summary judgment for the insurer. The Washington Court of Appeals, finding the contract ambiguous, reversed.

The policy in *Haney* stated:

"Limits of Liability

"1. The amount of coverage is shown on the declarations page under 'Limits of Liability—U—Each Person, Each Accident'. Under 'Each Person' is the amount of coverage for all damages due to bodily injury to one person. Under 'Each Accident' is the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident." 52 Wash. App. at 397.

This provision is indistinguishable from the present Farm Bureau policy. The *Haney* court held:

"The liability limits provision contains an inherent contradiction: the per person limit is $100,000, but the per accident limit is $300,000 for damages to 'two or more persons'. There is no language making the per accident limit subject to the per person limit. The existing language in the two clauses cannot be reconciled. The per accident limit directly implies that *two* people injured in one accident may recover up to $300,000 while the per person limit says each person is limited to $100,000." 52 Wash. App. at 397.

The court distinguished the case before it from others in which the per accident policy limit was expressly made subject to the per person limit. It held that, since this was not done, the provision was patently ambiguous and must be construed in the insured's favor. 52 Wash. App. at 398-99.

The Winters next cite *Andrews v. Nationwide Mut. Ins. Co.*, 124 N.H. 148, 467 A.2d 254 (1983), which is also factually indistinguishable from the present case. The policy limits provisions in *Andrews* stated:

" 'Our obligation to pay Bodily Injury losses under this coverage is limited to the amounts per person and per occurrence stated in the attached Declarations. . . . The following conditions apply to these limits:

" '1. Limits shown for any one person are for all legal damages claimed by anyone for bodily injury or loss of services of one person as a result of one occurrence. For each such occurrence, the total limit of our liability shown is for all damages sustained by two or more persons.' " 124 N.H. at 152.

The court framed the issue as:

"Whether the claim of the plaintiff Rachel Andrews under the uninsured motorist coverage of the automobile liability policy on account of her bodily injuries, where more than one person has sustained damages in the same occurrence, is limited only by the aggregate per 'occurrence' limit of $300,000, and is not subject to the 'one person' limit of $100,000." 124 N.H. at 150.

The court affirmed a district court verdict in favor of the insured. It noted that it normally would agree with the insurer's position except for the fact that the policy lacked any language making the per occurrence limit subject to the per person limit. "If the defendant wished to preclude such a result, clear and unambiguous policy language to the effect that the 'per occurrence' limit is subject to the 'per person' limit could easily have been included in the policy." 124 N.H. at 154.

Farm Bureau cites two cases which limit an individual to the per person limit rather than allowing the higher per occurrence limit. Both of these cases, *Standard Acc. Ins. Co. of Detroit, Mich. v. Winget*, 197 F.2d 97 (9th Cir. 1952), and *Lowery v. Zorn*, 184 La. 1054, 168 So. 297 (1936), are factually similar to the present case. However, in both cases, the per occurrence limit was explicitly made subject to the per person limit.

In *Lowery*, the court quoted from the policy, noting "the limit of liability as fixed in the policy is $5,000 for bodily injuries to one person and 'subject to the same limit for each person' $10,000 for any one accident causing bodily injury to more than one person." 184 La. at 1057-58. Therefore, the *Lowery* court held the insured could only collect up to the per person limit.

In *Standard*, the applicable portion of the policy reads:

" 'Limits of Liability—Coverage A. * * * The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, including death at any time resulting therefrom, sustained by one person in any one accident, the limit of such liability stated in the declarations as applicable to "each accident" is *subject to the above provision respecting each person*, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, including death at any time resulting therefrom, sustained by two or more persons in any one accident.' " (Emphasis added.) 197 F.2d at 104 n.2.

The *Standard* court also held the insured could only recover up to the per person limit. Another similar case is *Mannheimer Bros. v. The Kansas C. & S. Co.*, 149 Minn. 482, 184 N.W. 189 (1921).

It appears there is a clear dichotomy. In the cases in which the per occurrence damage limit is made subject to the per person limit (*Lowery, Standard, Mannheimer*), the courts simply enforce

the contract as written. In the cases which lack such language (*Haney, Andrews*), the courts have found the contracts ambiguous and, following the rule which requires ambiguities to be settled in favor of the insured, allow the insured to collect up to the higher per occurrence limit. This dichotomy was noted by the *Andrews* court when it distinguished *Andrews* from *Standard* and *Mannheimer*. 124 N.H. at 153.

Farm Bureau endeavors to align the present case with the *Lowery, Standard,* and *Mannheimer* line of cases. It contends the language of the liability limits clause clearly makes the per occurrence limit subject to the per person limit. Again, the provision states:

**"LIMITS OF LIABILITY**

"The limits of liability shown in the declarations apply *subject to* the following:

"1. The bodily injury liability limit for 'each person' is the maximum for **bodily injury** sustained by one person in any one occurrence;

"2. The bodily injury liability limit for 'each occurrence' is the maximum limit of liability for **bodily injury** sustained by two or more persons in any one occurrence." (Emphasis added.)

Farm Bureau argues that the emphasized language above "clearly and unambiguously" makes the "each occurrence" limit subject to the "each person" limit. This conclusion is unwarranted. The provision simply is explanatory of the dollar amounts appearing in the declarations and does nothing to make the "each occurrence" limit subject to the "each person" limit.

It is apparent that the present case is aligned with *Haney* and *Andrews* and is distinguishable from *Lowery, Standard,* and *Mannheimer*. While *Haney* and *Andrews* are not binding authority, they are persuasive. The provision in the contract is ambiguous and should be construed against the insurer.

Farm Bureau makes other arguments which, while not persuasive, require brief mention. Farm Bureau quotes the sentence which appears immediately after the above-cited provision and concludes this language limits the Winterses to the per person limit. The sentence states: "We will pay no more than these maximums regardless of the number of **vehicles** described in the declarations, **insured persons**, claims, claimants or policies, or

**vehicles** involved in the occurrence." This sentence does not resolve the ambiguity. We find it to be of no help.

Also cited by Farm Bureau is *McClellan v. Blasdel*, 193 Kan. 410, 393 P.2d 1012 (1964). In that case, it was agreed by the parties that an insurance policy limited plaintiff's recovery to $25,000, but the issue was whether that limit may be exceeded when the policy was not placed in evidence before the jury. Plaintiff was limited to $25,000. While Farm Bureau contends *McClellan* requires all per person limits to be strictly enforced, such an interpretation is unjustified. *McClellan* had nothing to do with the ambiguity question now before us and is inapposite to the present case.

Finally, Farm Bureau cites K.S.A. 40-3107(e), which sets out the minimum limits of statutorily required automobile liability coverage. It states:

"Every policy of motor vehicle liability insurance issued by an insurer to an owner residing in this state shall:

. . . .

"(e) contain stated limits of liability, exclusive of interest and costs, with respect to each vehicle for which coverage is granted, not less than $25,000 because of bodily injury to, or death of, one person in any one accident and, *subject to the limit for one person*, to a limit of not less than $50,000 because of bodily injury to, or death of, two or more persons in any one accident." (Emphasis added.)

Farm Bureau then points to *DeWitt v. Young*, 229 Kan. 474, 480, 625 P.2d 478 (1981), which stands for the proposition that an insurance policy may provide coverage limits in excess of the statutory minimums. This is true, but the question before us does not stem from the fact that Farm Bureau's policy provides coverage ($100,000/300,000) beyond the statutory minimum ($25,000/50,000). The flaw is that, in providing this additional coverage, Farm Bureau imported ambiguity into the policy by failing to use language effectively making the per occurrence limit subject to the per person limit.

Because the Farm Bureau insurance contract has patently conflicting clauses and Kansas case law requires such ambiguity to be construed against the insurer, the district court erred in limiting Farm Bureau's exposure to $100,000 per person. The ambiguity we find would not have arisen had Farm Bureau utilized

the phraseology of K.S.A. 40-3107(e), that is, "[$100,000] because of bodily injury to . . . one person in any one accident and, subject to the limit for one person, to a limit of . . . [$300,000] because of bodily injury to . . . two or more persons in any one accident."

Reversed.