No. 64,370 .

FARM BUREAU MUTUAL INSURANCE COMPANY, INC., *Appellee*, v. RICKI GENE WINTERS and PAULETTE G. WINTERS, *Appellants*, and CURTIS SUTTERBY and GEORGE SUTTERBY, *Defendants*.

(806 P.2d 993)

Opinion filed March 1, 1991.

*William E. Metcalf*, of Metcalf and Justus, of Topeka, argued the cause, and *Henri Watson*, of Kansas City, Missouri, was with him on the briefs for appellant.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, and *Bradley S. Russell*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: Ricki and Paulette Winters appeal a declaratory judgment by the district court which construed the liability limit provision of the automobile liability insurance policy of Farm Bureau Mutual Insurance Company (Farm Bureau).

On January 2, 1988, a vehicle driven by Curtis Sutterby and owned by George Sutterby was involved in an accident with an automobile operated by Ricki Winters. As a result of the accident, Paulette Winters claimed bodily injury damages in excess of $100,000 and Ricki alleged bodily injury damages of approximately $12,000.

At the time of the accident, the Sutterby vehicle was insured by Farm Bureau under an automobile liability insurance policy. Farm Bureau's policy limited its liability to $100,000 for bodily injury for "each person" and $300,000 for "each occurrence."

Farm Bureau filed a petition for declaratory judgment in Johnson County District Court and moved for summary judgment. Ricki and Paulette Winters alleged Farm Bureau's liability to Paulette was not limited to $100,000 because two persons were injured in the accident, thereby raising the total liability limit to $300,000. The district court granted Farm Bureau's motion and ruled the insurance liability policy was not ambiguous, but limited liability to $100,000 for each person's bodily injuries even though more than one person was injured in the same accident. This appeal followed.

On appeal, the Court of Appeals found the liability limit provision of Farm Bureau's policy was ambiguous and, therefore, construed it against the insurer. *Farm Bureau Mut. Ins. Co. v. Winters*, 14 Kan. App. 2d 623, 630-31, 797 P.2d 885 (1990). We granted Farm Bureau's petition for review.

In this case we are required to interpret the liability limit provision of Farm Bureau's insurance policy. The provision at issue provides:

"The limits of liability shown in the declarations apply subject to the following:

"1. The bodily injury liability for 'each person' is the maximum for bodily injury sustained by one person in any one occurrence;

"2. The bodily injury liability for 'each occurrence' is the maximum limit of liability for bodily injury sustained by two or more persons in any one occurrence; and

"3. The property damage liability limit for 'each occurrence' is the maximum for all damages to all property in any one occurrence.

"We will pay no more than these maximums regardless of the number of vehicles described in the declarations, insured persons, claims, claimants or policies, or vehicles involved in the occurrence."

The policy declaration indicates the maximum liability for bodily injury for "each person" is $100,000 and the "each occurrence" limitation is $300,000.

Farm Bureau contends the policy clearly and unambiguously makes the $300,000 limit for each occurrence subject to the $100,000 liability limit for each person. The Winters argue the $100,000 bodily injury limit does not apply where two or more persons are injured in the same accident. The Winters allege the "each occurrence" provision of Farm Bureau's policy provides for recovery on each of their claims, so long as the total for both claims does not exceed $300,000.

For support, Farm Bureau relies upon two cases, *Standard Acc. Ins. Co. of Detroit, Mich. v. Winget*, 197 F.2d 97 (9th Cir. 1952), and *Lowery v. Zorn*, 184 La. 1054, 168 So. 297 (1936). In *Lowery*, the plaintiff and his son were injured in an automobile accident with the defendant. The district court allowed Lowery $5,858.25 for his injuries and $150 for the use and benefit of his son. On appeal, the Court of Appeal increased Lowery's judgment to $8,358.25 and affirmed the judgment of $150 for the use and benefit of Lowery's son. 184 La. at 1057.

Following a garnishment action against the defendant's insurer, the Louisiana Supreme Court ruled the insurer was not liable for more than $5,000 for damages to Lowery. The insurer's limit of liability in its policy was $5,000 for bodily injury to one person and " 'subject to the same limit for each person' $10,000 for any one accident causing bodily injury to more than one person." 184 La. at 1057-58. Thus, the court determined where two or more persons were injured in one accident and one person's bodily injuries exceeded the limit of liability for one person, that person could not recover more than the bodily injury limit, even when the total amount of damages due to all injured persons was less than the per occurrence liability limit. 184 La. at 1058.

In *Standard*, 197 F.2d 97, Towry was involved in an accident with Winget and Mack. Winget received a judgment for $32,000

and Mack received a judgment for $15,000. Subsequently, Winget brought an action against Standard, Towry's insurer, for payment of the judgment. Standard's liability limits for bodily injury were $10,000 for each person and $20,000 for each accident. 197 F.2d at 104. In addition, Standard's liability limit provision provided " 'the limit of such liability stated in the declarations as applicable to "each accident" is subject to the above provision respecting each person, the total limit of the company's liability for all damages . . . sustained by two or more persons in any one accident.' " 197 F.2d at 104 n.2. Thus, the court determined each person's recovery was clearly limited to $10,000. 197 F.2d at 104.

We also consider *Mannheimer Bros. v. The Kansas C. & S. Co.*, 149 Minn. 482, 184 N.W. 189 (1921), wherein two of plaintiff's employees were injured in an automobile accident and received judgment for damages against the plaintiff of $12,633.32 and $2,630.73. The employer brought suit against defendant, its insurer, to recover the money paid in the adverse judgments. 149 Minn. at 483-84. Defendant admitted liability, but claimed it was not liable for the full amount of the judgments. Defendant's insurance policy provided:

" 'The company's liability under paragraph one of the insuring agreements, on account of bodily injuries to or death of one person is limited to five thousand dollars ($5,000) and subject to the same limit for each person, the company's total liability on account of bodily injuries or a death of more than one person as the result of one accident is limited to ten thousand dollars ($10,000).' " 149 Minn. at 486.

The *Mannheimer* court ruled the limitation provision was free from doubt and unambiguous and limited defendant's liability for each person injured in the accident to $5,000. 149 Minn. at 486-87.

Examination of *Lowery, Standard*, and *Mannheimer* shows that liability for each person's injuries in an accident involving more than one person has been limited by the bodily injury limitation where the language of the policy clearly and unequivocally states the per occurrence liability is "subject to" bodily injury liability for each person.

In support of their argument that Paulette's recovery should not be limited by the per person provision of Farm Bureau's policy, the Winters rely upon *Haney v. State Farm Insurance*,

52 Wash. App. 395, 760 P.2d 950 (1988), *rev. denied* 111 Wash. 2d 1033 (1989). In *Haney*, Mr. and Mrs. Haney were injured when their automobile was struck by an underinsured driver. State Farm's insurance policy covering the Haneys' automobile contained underinsured motorist limits of $100,000 per person and $300,000 per accident. The Haneys filed a declaratory judgment petition alleging they were entitled to the $300,000 per accident limit of their policy. The district court dismissed on summary judgment. 52 Wash. App. at 396.

The *Haney* court determined there was no language in the policy which made the per accident limit "subject to" the per person limit. Therefore, the court found an inherent contradiction in the limitation provisions which a reasonably prudent insured would interpret as inconsistent and ambiguous. Thus, under rules of construction similar to those recognized by this court, the *Haney* court interpreted the provision in a manner most favorable to the insureds and held the plaintiffs were entitled to the per accident limit of the policy. 52 Wash. App. at 397-99.

A similar result was reached in *Andrews v. Nationwide Mut. Ins. Co.*, 124 N.H. 148, 467 A.2d 254 (1983). The New Hampshire Supreme Court examined an insurance policy, which limited defendant's liability for bodily injuries to $100,000 for each person and $300,000 for each accident, to determine whether Mrs. Andrews, injured in an accident along with Mr. Andrews, could recover damages in excess of $100,000. In the absence of policy language making the per occurrence limit "subject to" the per person limit, the court found that an insured reading the policy could reasonably conclude that one person could recover more than $100,000 in cases where two or more persons sustained bodily injury in the same accident. Nationwide, therefore, was obligated to provide coverage to Mrs. Andrews without regard to the per person limit, but such obligation was limited to $300,000 for all persons injured in the single accident. 124 N.H. at 152-54.

In the present case, we find Farm Bureau's limit on liability provision is similar to the provisions examined and interpreted in *Haney* and *Andrews*. Under Farm Bureau's liability limit provision, its bodily injury liability limit is $100,000 for "each person" injured in a single accident. For "each occurrence," however,

Farm Bureau's bodily injury liability is limited to $300,000 where two or more persons are injured in the same accident. Thus, although the provision in question says it is subject to the provisions which follow, the per occurrence limit on liability is not expressly made subject to the per person limit on liability. Rather, the entire limitation provision is made subject to the dollar limits expressed in the insurance policy's declaration. The "per person" limitations and the "per occurrence" limitations make no reference to each other but are totally independent statements and are ambiguous only when we tie the provisions together by inference.

We are aware that members of the insurance industry, the legal profession, and others familiar with the structure and operation of insurance contracts understand that the per occurrence liability limits of a typical insurance contract are intended to operate subject to the per person liability limits. However, the test to determine whether an insurance contract is ambiguous is not what the insurer intends the language to mean, but what a reasonably prudent insured would understand the language to mean. *Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Assn.*, 215 Kan. 937, Syl. ¶ 7, 529 P.2d 171 (1974).

In the case at hand, we believe a reasonably prudent insured could interpret Farm Bureau's limit on liability provision to mean that if one person's bodily injury damages exceed $100,000, that person could recover more than $100,000 when a single accident injured two or more persons. Where contract provisions and terms are uncertain, conflicting, or susceptible of more than one construction, the construction most favorable to the insured must prevail. 215 Kan. at 947-48. This principle is based upon the fact that an insurer prepares its own contract and thereby assumes the duty to make its meaning clear and define limitations in coverage in explicit terms. *Patrons Mut. Ins. Ass'n v. Harmon*, 240 Kan. 707, 713, 732 P.2d 741 (1987); *Baugher v. Hartford Fire Ins. Co.*, 214 Kan. 891, 900, 522 P.2d 401 (1974).

In order to avoid the strict construction applied to this policy, Farm Bureau could easily have adopted the language of K.S.A. 40-3107(e), which mandates that every motor vehicle liability insurance policy "contain stated limits of liability . . . [of] not less than $25,000 because of bodily injury to, or death of, one person

in any one accident and, *subject to the limit for one person,* to a limit of not less than $50,000 because of bodily injury to, or death of, two or more persons in any one accident."

Based upon a finding that Farm Bureau's limit on liability provision is subject to conflicting interpretation and, therefore, is ambiguous, we find Paulette Winters is entitled to recover bodily injury damages in excess of $100,000, but is limited to $300,000 under the "per occurrence" provision of the policy.

The judgment of the district court is reversed, and the judgment of the Court of Appeals is affirmed.

ABBOTT, J., not participating.