857 P.2d 406

**Edward NICHOLS and Beatrice Nichols, individually and as husband and wife, Plaintiffs/Appellees,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Defendant/Appellant.**

No. 2 CA-CV 93-0005.

Court of Appeals of Arizona, Division 2, Department B.

July 30, 1993.

Dickerson, Butler, Rabb & Rodriguez, P.C. by J. Patrick Butler, Tucson, for plaintiffs/appellees.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant/appellant.

OPINION

DRUKE, Chief Judge.

This appeal by State Farm Fire & Casualty Company (State Farm) presents an issue undecided in Arizona. The issue is whether the $100,000/$300,000 bodily injury clause in State Farm's automobile insurance policy limits its liability to a maximum of $100,000 per person when two or more persons are injured. The trial court decided the issue against State Farm on cross-motions for summary judgment. Our review is *de novo*. *United Bank of Arizona v. Allyn*, 167 Ariz. 191, 805 P.2d 1012 (App. 1990). We reverse.

State Farm's insured collided head on with the plaintiffs, Mr. and Mrs. Nichols. State Farm has paid each of them $100,000, although their combined medical expenses exceed $227,000. State Farm contends that, under the "Each Person" provision of the bodily injury clause of its policy, its maximum liability to each plaintiff is $100,000. The plaintiffs contend, on the other hand, that, under the "Each Accident" provision of the clause, they are entitled to recover a combined maximum of $300,000. Resolving these conflicting contentions requires an interpretation of the clause, which "is a question of law to be determined by [this court] independent of the findings of the trial court." *Sparks v. Republic National Life Insurance Co.*, 132 Ariz. 529, 534, 647 P.2d 1127, 1132 (1982), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982).

The trial court found in plaintiffs' favor based on the following bodily injury clause in the policy:

The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability—Coverage A—Bodily Injury, Each Person, Each Accident". Under "Each Person" is the

amount of coverage for all damages due to **bodily injury** to one **person** [$100,-000]. Under "Each Accident" is the total amount of coverage for all damages due to **bodily injury** to two or more **persons** in the same accident [$300,000].

(Emphasis in original.) The trial court concluded that the clause was "susceptible to more than one interpretation," because "[t]here is no language in the policy making the 'per accident' limit subject to the 'per person' limit." It then adopted an interpretation "most favorable to the insured," relying on *Farm Bureau Mutual Insurance Company, Inc. v. Winters*, 248 Kan. 295, 806 P.2d 993 (1991), and *Haney v. State Farm Insurance Company*, 52 Wash.App. 395, 760 P.2d 950 (1988), and ruled "that the plaintiffs are entitled to the $300,000 limit."

We agree with the trial court that the clause is ambiguous. As recognized by the court in *Haney:* "The existing language in the two clauses cannot be reconciled. The per accident limit directly implies that *two* people injured in one accident may recover up to $300,000 while the per person limit says each person is limited to $100,000." 760 P.2d at 952 (emphasis in original). This ambiguity is usually remedied, as the trial court observed, by including language in the clause that makes the per accident provision subject to the per person provision.[1] Such language is found, for example, in the following portion of A.R.S. § 28–1170(B)(2) setting minimum bodily injury limits for automobile liability policies issued in Arizona:

(a) Fifteen thousand dollars because of bodily injury to or death of one person in any one accident.

(b) *Subject to the limit for one person,* thirty thousand dollars because of bodily injury to or death of two or more persons in any one accident.

(Emphasis added.) *See also Standard Acc. Ins. Co. of Detroit, Mich. v. Winget*, 197

F.2d 97 (9th Cir.1952); *Lowery v. Zorn*, 184 La. 1054, 168 So. 297 (1936); *Mannheimer Bros. v. Kansas Cas. & Sur. Co.*, 149 Minn. 482, 184 N.W. 189 (1921); *Allstate Ins. Co. v. Ostenson*, 105 Wash.2d 244, 713 P.2d 733 (1986) (all construing policies containing such language). We conclude, however, that the mere absence of such language does not compel the result reached by the trial court.

■ Unlike the courts of Kansas and Washington, the authoring courts of the two cases upon which the trial court here relied, Arizona courts no longer resolve ambiguities in an insurance policy by automatically construing the policy in favor of the insured. Since *Arizona Prop. & Cas. Ins. Guar. Fund v. Helme*, 153 Ariz. 129, 735 P.2d 451 (1987), and as reiterated in *State Farm Mutual Auto Insurance Company v. Wilson*, 162 Ariz. 251, 257, 782 P.2d 727, 733 (1989), "the rule in Arizona is that we construe a clause subject to different interpretations by examining the language of the clause, public policy considerations, and the purpose of the transaction as a whole."

■ Using this rule of construction, we begin by examining the language of the clause in issue here. In doing so, the clause "must be read as a whole in order to give a reasonable and harmonious meaning and effect to all of its provisions." *Droz v. Paul Revere Life Insurance Co.*, 1 Ariz. App. 581, 583, 405 P.2d 833, 835 (1965). A contract of insurance, like any other contract, is not a collection of separate unrelated parts; each part must be read and interpreted in connection with all other parts. *Lawrence v. Beneficial Fire & Casualty Ins. Co.*, 8 Ariz.App. 155, 159, 444 P.2d 446, 450 (1968). To accept the trial court's construction of the clause at issue here would be essentially to read out of the policy the per person limitation clearly set forth in the bodily injury limitations clause. While

---

1. In its motion for new trial, State Farm argued that its counsel was erroneously led to believe that the policy at issue did not contain language making the per accident limit subject to the per person limit. State Farm then produced an endorsement to the policy containing such language. The trial court denied the motion, find-ing that State Farm could have produced the endorsement prior to the entry of summary judgment. Given our resolution of the case, however, we need not determine whether the trial court correctly denied the motion for new trial or even if the issue has been properly raised on appeal.

the per accident provision of the clause is unartfully worded, the per person limitation standing alone is clear and unambiguous. We will not interpret the policy so as to render that provision a nullity.

In addition, public policy considerations and the purpose of the insurance transaction as a whole support a construction limiting liability under the policy to $100,000 per person. The issuance of a liability policy imposes on the insurer the duties to indemnify, to defend, and to treat settlement proposals with equal consideration. *Helme*, 153 Ariz. at 137, 735 P.2d at 459. As recognized by the Ninth Circuit in *Winget, supra*, in the absence of clearly defined per person limitations, the application of a *pro rata* method of liability would create confusion and impede the settlement process. Because separate actions could be brought when more than one person was injured in a single accident,

there is the possibility of the cases going to trial at different times and separate judgments being rendered months apart. If the insured is to be held responsible for a proportionate share of the recoveries, he could not satisfy the first judgment or settle it without waiting for the result in the second case.

197 F.2d at 105.

Finally, we find no reason to adopt a construction favoring increased coverage when nothing in the nature of the transaction would lead the consumer to expect such coverage. *Wilson*, 162 Ariz. at 258, 782 P.2d at 734. An insured could not reasonably expect to be indemnified in excess of $100,000 per person nor could an injured claimant expect to receive greater compensation from the insurer simply because, fortuitously, more than one person was injured in a single accident. Rather, the insured or claimant could reasonably expect indemnification or recovery only up to the per person limitations clearly delineated by the policy no matter how many persons were injured.

For the foregoing reasons, we find that the trial court erred in construing the ambiguity strictly against the insurer and therefore reverse and direct that judgment be entered in favor of State Farm.

ESPINOSA, P.J., and HATHAWAY, J., concur.