■ In the Matter of SANDELL MOSTOW, Appellant, et al., Petitioner, v STATE FARM INSURANCE COMPANIES, Respondent. [628 NYS2d 146] —In a proceeding pursuant to CPLR article 75 to confirm an arbitrator's award, the petitioner Sandell Mostow appeals from so much of a judgment of the Supreme Court, Nassau County (Levitt, J.), entered April 6, 1994, as modified her award by reducing it from $190,000 to $100,000.

Ordered that the judgment is reversed insofar as appealed from, with costs, and the arbitrator's award to the petitioner Sandell Mostow is reinstated and confirmed.

The petitioner Sandell Mostow was a passenger in an automobile operated by her husband, the petitioner Alan Mostow, when it was involved in an automobile accident. Sandell received the $10,000 policy limit from the insurance carrier of the other vehicle. She subsequently served her insurance carrier, the respondent State Farm Insurance Companies (hereinafter State Farm), with a demand for arbitration, pursuant to the underinsured motorist endorsement of her policy.

The uninsured automobile endorsement of the State Farm

policy (which, by definition applies to underinsured automobiles), provides:

"Limits of Liability.

1. The amount of coverage is shown on the declarations page under 'Limits of Liability—U—Each Person, Each Accident.' Under 'Each Person' is the amount of coverage for all damages due to bodily injury to one person. Under 'Each Accident' is the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident".

The declarations page of the policy provided:

"Damages for Bodily Injury Caused by Uninsured Automobiles

(Supplementary Uninsured Motorist)
Limits of Liability — U

Each Person,      Each Accident
$100,000         $300,000".

The parties proceeded to arbitration, following which the arbitrators awarded Alan Mostow $100,000, and awarded Sandell Mostow $190,000. Thereafter, the petitioners commenced this proceeding to confirm the arbitrators' award. State Farm, by notice of cross petition, sought to vacate the arbitrators' award of $190,000 to Sandell Mostow or, alternatively, to reduce her award to $100,000. State Farm, *inter alia,* claimed, that "[t]he arbitrators exceeded their authority by awarding $90,000 more than the policy limit". The Supreme Court agreed with State Farm and reduced Sandell's award to $100,000. We now reverse.

The provisions of the State Farm policy are ambiguous, as they, on the one hand, appear to limit recovery for bodily injury to $100,000 per person, but, on the other hand, also appear to allow a greater per person recovery where, as here, two or more people are injured in the accident *(see, Andrews v Nationwide Mut. Ins. Co.,* 124 NH 148, 467 A2d 254; *Haney v State Farm Ins. Co.,* 52 Wash App 395, 760 P2d 950; *Farm Bur. Mut. Ins. Co. v Winters,* 248 Kan 295, 806 P2d 993). Accordingly, the policy must be construed against the insurance carrier, and Sandell Mostow is entitled to the $190,000 awarded her by the arbitrators. Sullivan, J. P., Rosenblatt, O'Brien and Thompson, JJ., concur.