OPINION OF THE COURT
 

 Titone, J.
 

 The question presented is whether the terms of a policy of insurance providing that the $100,000 per person policy limit "is the amount of coverage for all damages due to bodily injury to one person” and that the $300,000 limits of liability for " 'Each Accident’ is the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident” are ambiguous. Because the policy may be reasonably construed as both limiting recovery to $100,000 per person or alternatively as permitting the full $300,000 policy limits to be apportioned among persons without reference to
 
 *324
 
 the per person limit where two or more persons are injured, we conclude that the policy is ambiguous and that its provisions should be construed in favor of the insured.
 

 Petitioners Sandell Mostow and Alan Mostow were involved in an automobile accident in January 1992. After receiving the $10,000 policy limit from the carrier of the other vehicle, petitioners served respondent State Farm with a demand for arbitration under the underinsured motorist endorsement of their policy. The policy provided in a declarations page that where the insured seeks damages for bodily injury caused by an underinsured motorist, the limits of liability are "$100,000 each person, $300,000 each accident.” Policy provisions pertaining to the amount of coverage shown on the declarations page explain that:
 

 "[ujnder 'Each Person’ is the amount of coverage for all damages due to bodily injury to one person. Under 'Each Accident’ is the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident”.
 

 After arbitration, petitioner Sandell Mostow was awarded $190,000, and Alan Mostow was awarded $100,000. The arbitrators concluded that the policy "affords coverage for an under-insured vehicle in the amount of $300,000 in an accident involving bodily injuries to 'two’ people or more and therefore where two or more suffer bodily injury, the limit of $100,000 per person no longer applies.”
 

 Petitioners brought this action to confirm the award pursuant to CPLR 7510. State Farm cross-petitioned pursuant to CPLR 7511 to vacate or modify the award by reducing Sandell Mostow’s recovery to $100,000 on the grounds that the arbitrators had determined a coverage issue in violation of the policy provisions and the rules of the American Arbitration Association and exceeded their authority by awarding $90,000 more than the policy limit.
 

 Supreme Court granted the cross petition and modified the award pursuant to CPLR 7511 (c) (2) by reducing it as requested. As a threshold matter, the court concluded that the arbitrators exceeded the scope of the arbitration agreement by interpreting the policy limit provisions. Turning to a construction of the policy’s terms, the court held that "the insurer’s liability to any one person is limited to $100,000 regardless of how many persons were injured in one accident.”
 

 The Appellate Division reversed and reinstated the deleted portion of the arbitrators’ decision and confirmed the award.
 
 *325
 
 The Court determined that the policy provisions "are ambiguous, as they, on the one hand, appear to limit recovery for bodily injury to $100,000 per person, but, on the other hand, also appear to allow a greater per person recovery where, as here, two or more people are injured in the accident.” (216 AD2d 300, 301.) Accordingly, the Court determined that the ambiguity should be construed in favor of the insured and that petitioner Sandell Mostow was entitled to the $190,000 sum awarded by the arbitrators. We granted respondent’s motion for leave to appeal to this Court, and now affirm.
 
 [1]
 

 Insurance Law § 3420 states that all automobile policies insuring against personal injury or property damage must, at the insured’s option, provide for Supplementary Uninsured Motorist (SUM) insurance coverage in terms that are "equally or more favorable to the insured” (subd [a]) than the statutory language, which provides:
 

 "Any such policy shall, at the option of the insured, * * * provide supplementary uninsured motorists insurance for bodily injury * * * subject to a maximum of one hundred thousand dollars because of bodily injury to or death of one person in any one accident and,
 
 subject to such limit for one person,
 
 up to three hundred thousand dollars because of bodily injury to or death of two or more persons in any one accident” (Insurance Law § 3420 [f] [2] [A] [emphasis added]).
 

 By rendering the $300,000 per accident maximum "subject to” the per-person limit of $100,000, the Insurance Law makes clear that no injured person may recover greater than $100,000 under the provision.
 

 The policy at issue here does not contain any language deeming the $300,000 per accident limit "subject to” the per-person limit. The absence of such language, coupled with the policy provision stating that the $300,000 limit for " 'Each Accident’ is the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident” renders the policy language susceptible of two reasonable interpreta
 
 *326
 
 tians. First, the policy may be reasonably construed by an insured to limit any injured person to a recovery of $100,000, regardless of the number of injured claimants. Alternatively, the policy may be construed to provide that $100,000 is available where bodily injury damages are owed only to "one person,” but that when two or more persons are injured in an automobile accident, the full $300,000 per accident policy limit is available.
 

 The Insurance Law does not bar the latter construction which would permit, as here, an injured claimant to recover over $100,000 where more than one person makes a claim under this endorsement because it would merely provide coverage that is "more favorable to the insured” than the statutory provisions (see, Insurance Law § 3420 [f] [2] [A]). Thus, both constructions of the policy are reasonable and not contrary to law. Because the policy may be reasonably interpreted in two conflicting manners, its terms are ambiguous.
 

 We are not alone in concluding that this policy language is ambiguous. The courts of at least four other jurisdictions have reached the same conclusion in construing essentially similar policy language that lacked any terms indicating that the available per accident coverage was subject to the stated per-person limits
 
 (see, Nichols v State Farm Fire & Cas. Co.,
 
 175 Ariz 354, 857 P2d 406 [1993];
 
 Farm Bur. Mut. Ins. Co. v Winters,
 
 248 Kan 295, 806 P2d 993 [1991];
 
 Andrews v Nationwide Mut. Ins. Co.,
 
 124 NH 148, 467 A2d 254 [1983];
 
 Haney v State Farm Ins. Co.,
 
 52 Wash App 395, 760 P2d 950 [1988]).
 

 Given that our precedent establishes that ambiguities in an insurance policy should be construed in favor of the insured and against the insurer, the drafter of the policy language
 
 (Matter of United Community Ins. Co. v Mucatel,
 
 69 NY2d 777, 779,
 
 affg on opn reported at
 
 127 Misc 2d 1045;
 
 Hartol Prods. Corp. v Prudential Ins. Co.,
 
 290 NY 44, 49), the construction favoring petitioner in this case, afforded by a fair interpretation of the policy, prevails
 
 (United States Fid. & Guar. Co. v Annunziata,
 
 67 NY2d 229, 232). Thus, the Appellate Division properly declined to reduce the award of $190,000 to petitioner Sandell Mostow to $100,000 as respondent requested.
 

 Although the common understanding of the insurance industry and the legal profession may well be that the total per accident coverage is subject to the per-person limits — i.e.— classic "split limit” coverage — the test to determine whether an insurance contract is ambiguous focuses on the reasonable
 
 *327
 
 expectations of the average insured upon reading the policy
 
 (Buckner v Motor Vehicle Acc. Indent. Corp.,
 
 66 NY2d 211, 213-214) and employing common speech
 
 (Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,
 
 60 NY2d 390, 398).
 

 Additionally, while the Superintendent of Insurance has recently promulgated a regulation mandating that all policies issued or renewed after October 1, 1993
 
 [2]
 
 include a SUM endorsement that employs language identical to that contained in policy provisions at issue here
 
 (see,
 
 11 NYCRR 60-2.3 [e]), that regulation does not purport to provide guidance on the construction of this policy or otherwise demonstrate that the policy at issue is free from ambiguity
 
 (see, City of Albany v Standard Acc. Ins. Co.,
 
 7 NY2d 422, 430). Indeed, this dilemma could have been avoided had the insurer simply drafted the policy to include the "subject to” language employed in Insurance Law § 3420 (f) (2) (A).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . The parties did not dispute at the Appellate Division, and do not raise here, Supreme Court’s determination that the arbitrators exceeded the scope of the arbitration agreement by construing the limits of liability under the policy. Given that the parties have charted their own course by waiving that claim, the sole question presented for our review is one of pure contract interpretation.
 

 [2]
 

 . The mandatory SUM endorsement is not applicable to this accident because the policy was not issued or renewed after October 1993.