■ FREDERICK J. WILSON, JR., et al., Appellants, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent. [668 NYS2d 49] —In an action, *inter alia,* for a judgment declaring that the plaintiffs are entitled to supplementary underinsurance motorist benefits under a policy issued by the defendant, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered September 12, 1996, which granted the defendant's motion for summary judgment and declared that the defendant has no obligation to provide supplementary underinsurance motorist benefits to them.

Ordered that the order is affirmed, with costs.

The plaintiffs, a husband and wife, were injured in a motor vehicle accident in which their vehicle was struck by one insured by Prudential Insurance Company (hereinafter Prudential) under a policy which provided bodily injury liability limits of $100,000 per person and $300,000 per accident. Prudential settled the plaintiffs' claims for $100,000 each, and the plaintiffs subsequently sought underinsurance benefits under their policy with the defendant Hartford Accident and Indemnity Company (hereinafter Hartford). The bodily injury liability limits of the policy issued by Hartford were also $100,000 per person and $300,000 per accident.

Underinsurance benefits are available only if the bodily injury liability limits of the tortfeasor's policy are less than the bodily injury liability limits provided by the insured's policy (*see, Matter of Prudential Prop. & Cas. Co. v Szeli,* 83 NY2d 681; *Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951). Here, since the policy limits were the same, underinsurance coverage was not triggered (*see, State Farm Mut. Auto. Ins. Co. v Hollis,* 228 AD2d 685).

The plaintiffs maintain that they are nevertheless entitled to underinsurance benefits. They contend that they applied for and were entitled to an insurance policy from Hartford with a combined single limit of $300,000. They argue that the "per accident" liability limit of the tortfeasor's policy was actually only $200,000 because there were only two victims of the ac-

cident and each victim could recover no more than $100,000. Thus, they contend, the tortfeasor's policy provided less coverage than the liability limit of the Hartford policy which allegedly should have been issued to them, and underinsurance coverage was triggered. Hartford contends that assuming, for purposes of this motion, that such a policy should have been issued, it was not obligated to pay underinsurance benefits. Based on a comparison of the "per accident" bodily injury liability limit of the tortfeasor's policy ($300,000) with the bodily injury liability limit of a combined single limit policy of $300,000 ($300,000 minus $5,000 for property damage liability), the tortfeasor's insurance coverage was not less than the plaintiffs' coverage, and underinsurance benefits were not triggered.

We agree with Hartford and find the plaintiffs' argument unpersuasive. The rule is that when two policies employ different limit structures, the determination of underinsurance coverage is to be made by a facial comparison of the policies "and not by reference to the particular claims actually arising from any given accident" (*Prudential Prop. & Cas. Co. v Szeli, supra,* at 687). Here, the tortfeasor's policy, on its face, did not make the "per accident" limit subject to the $100,000 "per person" limit (*see,* Insurance Law § 3420 [f] [2] [A]; *Mostow v State Farm Ins. Co.,* 88 NY2d 321). Accordingly, the Supreme Court properly concluded, based on a facial comparison of the subject policies, that the plaintiffs were not entitled to underinsurance coverage either under the policy actually issued by Hartford or under the policy that the plaintiffs alleged should have been issued by Hartford. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.