■ REYNOLD LEONE et al., Respondents, v AVEMCO INSURANCE COMPANY, Appellant, et al., Defendant. [672 NYS2d 116] —In an action for a judgment declaring that a policy of insurance issued by the defendant Avemco Insurance Company provided coverage of $500,000 for each of the underlying actions commenced by the plaintiffs against the deceased insured, the defendant Avemco Insurance Company appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), entered January 28, 1997, which denied its motion for summary judgment declaring that the liability coverage of the deceased's in-

surance policy was limited to $50,000 for each of the two plaintiffs in their underlying actions, and granted the plaintiffs' motion for summary judgment declaring that $500,000 was available under the subject policy for each of the two plaintiffs in their underlying actions.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, the appellant's motion is granted, and the matter is remitted for the entry of a judgment declaring that under the subject insurance policy the maximum amount available to each of the two plaintiffs in the underlying actions is $50,000.

The subject insurance policy issued to the deceased insured is not ambiguous, and clearly limits coverage to $50,000 liability for "each person" per bodily injury claim (including death). Therefore, the defendant insurance carrier was entitled to a declaration to that effect. The case of *Matter of Mostow v State Farm Ins. Cos.* (88 NY2d 321), relied upon by the Supreme Court is distinguishable and has no application here. Bracken, J. P., Thompson, Pizzuto and Florio, JJ., concur.