■ KAREN A. UTTING, Formerly Known as KAREN A. FIORE, Appellant-Respondent, v COMMONWEALTH LAND TITLE INSURANCE COMPANY, Respondent-Appellant, et al., Defendants. [676 NYS2d 637] —In an action for a judgment declaring that the defendant has a duty to defend the plaintiff in a case entitled *Correll v Utting,* pending in the Supreme Court, Suffolk County, under Index No. 93-12409, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated June 23, 1997, as denied her cross motion for summary judgment, and the defendant Commonwealth Land Title Insurance Company cross-appeals from so much of the same order as denied its motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the plaintiff's cross motion for summary judgment and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant is required to defend Karen A. Utting in the underlying action, including the payment of any defense costs already incurred in that action.

The Supreme Court erred in failing to declare that Commonwealth Land Title Insurance Company (hereinafter Commonwealth) has a duty to defend the plaintiff policyholder. We conclude that the "exception" language that Commonwealth included in the policy after it had inspected the premises is ambiguous and insufficient to qualify as an exception from coverage *(see, Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321). Rosenblatt, J. P., O'Brien, Ritter and Krausman, JJ., concur.