OPINION OF THE COURT
Thomas A. Adams, J.
Application for an order (CPLR 7503) staying an “uninsured motorist” arbitration is denied and the clerk is directed to enter judgment dismissing the petition and directing the parties to proceed to arbitration.
Petitioner seeks to stay the arbitration pending disclosure, a demand for which was served after receipt of the demand for arbitration. It is clear that State Farm had notice of a potential underinsured claim since May of 1997. More importantly, they had become aware that such a claim ripened in February of this year when it received an 11 NYCRR 60-2.3 (f) notice.
While the failure to demand disclosure prior to February of this year may be excused, the unexplained failure to do so until the institution of this proceeding cannot. Petitioner has had ample time to seek the now requested disclosure. Under the circumstances, it must be deemed to waive any such contractual rights. (See, Matter of Allstate Ins. Co. v Urena, 208 AD2d 623.)
A question has been raised as to the amounts which might possibly be recovered in the arbitration: specifically, whether the limit of petitioner’s liability is $25,000 to each claimant less that claimant’s setoff or $50,000 less the combined setoff. In other words, is the principle enunciated in Matter of Mostow v State Farm Ins. Cos. (88 NY2d 321) that such endorsement was ambiguous applicable to the instant arbitration. Respondent contends it is; petitioner, who does not challenge the fact that the language of the present policy is identical to that in Mostow, contends that the adoption of regulation 35-D (11 NYCRR subpart 60-2) and its mandatory form of the subject endorsement has done away with any presumption that might be made in favor of the insured. Counsel for petitioner argues that “there have been no court decisions applying the Mostow holding to a 35-D insurance policy.” Significantly, they do not point to a ruling refusing to apply such logic.
Ambiguous language does not become less so because it is repeated elsewhere. The significant factor, at least in this court’s opinion in Mostow (supra, at 325), is the Court of Ap *374 peals reference to Insurance Law § 3420 which permits the “per accident” limit to be “ ‘subject to’ ” the per person limit. Any ambiguity could have been avoided by State Farm by stating such limitation on the declaration page of the policy. Having elected not to do so they cannot now argue that Mostow is no longer applicable.