Mark GFROERER, Plaintiff–Appellant,

v.

ACE AMERICAN INSURANCE COMPANY, doing business as Inamar, Defendant–Appellee.

No. 05–0308–CV.

United States Court of Appeals, Second Circuit.

May 19, 2006.

John K. Fulweiler, De Orchis & Partners, LLP, New York, New York, for Plaintiff–Appellant.

James E. Mercante (Gerald A. Greenberger), Rubin, Fiorella & Friedman, LLP, New York, New York, for Defendant–Appellee, of counsel.

Present: Hon. JOHN M. WALKER, Chief Judge, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,** AND DECREED that the judgment of the district court be **AFFIRMED.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Appellant appeals the memorandum and order of the district court granting summary judgment for Appellee. Appellant argues that the term "operated by" in the "High Performance Vehicle Endorsement" (the "Endorsement") of the marine insurance policy (the "Policy") issued by Appellee admits of more than one meaning and therefore the Policy is ambiguous and should be construed against Appellee.

In its memorandum and order, the district court held that the Endorsement is valid as to first party coverage issues because "operated by" is not reasonably susceptible to any meaning but "actually driving" and is, therefore, unambiguous. The court added that an examination of Appellant's reasonable expectations would necessarily lead to the same result, citing as evidence a similarly worded marine insurance policy held by Appellant, pleadings entered in a separate but related legal proceeding, and a review of Appellant's driving record conducted in connection with his application for insurance. While the consideration of such extrinsic evidence on a motion for summary judgment is clear error under New York law, we conclude that the error was a harmless one and affirm the judgment of the district court for the reasons given below.

Summary judgment may be granted if the evidence offered shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Absent a specific federal rule, federal courts look to state

law for principles governing maritime insurance policies." *Commercial Union Ins. Co. v. Flagship Marine Servs., Inc.*, 190 F.3d 26, 30 (2d Cir.1999). Under New York law, consideration of extrinsic evidence to ascertain the intent of parties on a motion for summary judgment is clear error. *See Hudson–Port Ewen Assocs., L.P. v. Kuo*, 165 A.D.2d 301, 566 N.Y.S.2d 774, 776 (1991) ("The existence of an ambiguity will not preclude summary judgment unless resolution of that ambiguity depends upon extrinsic evidence.").

The New York Court of Appeals has stated that "the test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy." *Mostow v. State Farm Ins. Cos.*, 88 N.Y.2d 321, 326–27, 645 N.Y.S.2d 421, 668 N.E.2d 392 (1996). Looking within the four corners of the Policy, the term "operated by" unquestionably refers to the operation of Appellant's particular vessel, which is precisely described as a thirty-eight foot Donzi 38 ZX "high performance vessel." In light of the Donzi's performance capabilities, the only one capable of truly operating such a vessel is the actual driver. Therefore, ignoring the extrinsic evidence and reading the Policy in light of Appellant's basic knowledge of the particular vessel which he sought to insure, we believe that the average insured would have understood the term "operated by" to mean, clearly and unambiguously, "directly and physically controlled by."

Accordingly, for the reasons set forth above, we **AFFIRM** the judgment of the district court.